1  JAMES C. HOLLAND; SBN 134233
   Attorney at Law
2  134 North Conyer St.
   Visalia, CA  93291
3  (559) 741-1112
   FAX: (559) 741-1113
4
   Attorney for plaintiffs THAD YOUNG AND SANDRA YOUNG
5

6

7
                    UNITED STATES DISTRICT COURT FOR THE
8
                       EASTERN DISTRICT OF CALIFORNIA
9

10
   THAD YOUNG and SANDRA YOUNG        ) Case No:
11                                     )
                                       ) COMPLAINT FOR VIOLATION
12       Plaintiffs,                   ) OF FEDERAL CIVIL RIGHTS:
                                       ) WARRANTLESS PROPERTY SEARCH;
13 vs.                                 ) DESTRUCTION AND TAKING OF
                                       ) PROPERTY; UNREASONABLE
14 CITY OF VISALIA; VISALIA POLICE     ) DETENTION; VIOLATION OF
   DETECTIVES NATHAN FLAWS, JEFF       ) STATUTES, COMMON LAW TORTS
15 GILBERT, SONIA PAYNE, JEREMY        )
   EDIGER, SERGEANTS RUSS SKADAM and   )
16 BRENT ABBOTT; OFFICERS LUMA FAHOUM, )
   CHRIS McCLAIN, DWIGHT BRUMLEY,      )
17 DOMINIC MENA, JARED WHALEY; AGENTS  )
   GREG BYERLEE and MARK LYON;         )
18 LIEUTENANT JASON SALAZAR; COUNTY    )
   OF TULARE; TULARE COUNTY SERGEANT   )
19 CHRIS JENNINGS, DETECTIVE STEVE     )
   SANCHEZ; CITY OF FARMERSVILLE,      )
20 FARMERSVILLE POLICE CHIEF MARIO     )
   KRYSTIC, SERGEANT MIKE MARQUEZ,     )
21 OFFICER TROY EVERETT; BILL WITTMAN, )
   SHERIFF, COUNTY OF TULARE, in his   )
22 individual capacity; DOES 1-20;     )
                                       ) JURY TRIAL DEMANDED
23 _____Defendants._____  )

24       Plaintiffs Thad Young and Sandra Young allege as follows:

25                       **GENERAL ALLEGATIONS**

26       1.  This action arises under the Civil Rights Act of 1871

27 (42 *U.S.C.* § 1983) and the Fourth and Fourteenth Amendments to

28 the United States Constitution.  This Court has jurisdiction over

                                   1

1  this federal claim under 28 U.S.C. §§ 1331 and 1343 and over the

2  supplemental claims.  This Court has venue in this action

3  pursuant to 28 U.S.C. § 1391(b), as the events giving rise to

4  this action occurred within this judicial district.

5      2.  Plaintiffs Thad Young and Sandra Young are residents of

6  the United States and were at all times relevant, and remain,

7  resident in both the County of Tulare, State of California, and

8  in the County of Piute, State of Utah.

9      3.  Plaintiffs are informed and believe that each of the

10 individual defendants reside in the State of California, and that

11 all or most are residents of Tulare County.  Each of these named

12 defendants is named herein in their individual capacities.

13     4.  Defendant City of Visalia is named herein as a public

14 entity incorporated or chartered, and operating, pursuant to the

15 laws of the State of California.  As defendant City of Visalia

16 acts by and through its individual police officers and

17 supervisors, defendant City is responsible to reasonably select

18 and hire, and to reasonably well-educate, instruct and train, and

19 direct, supervise, control and discipline the conduct of its

20 police officers and supervisors, including the individual

21 defendants herein, in recurring situations such as are alleged

22 herein, in which its officers' violations of the civil and

23 statutory rights of individuals, including plaintiffs herein,

24 were anticipated and could have been prevented by such selection

25 and hiring, education, training, direction, supervision, control

26 and discipline.

27     5.  Defendant County of Tulare is named herein as a public

28 entity operating pursuant to the laws of the State of California.

1  As defendant County of Tulare acts by and through its individual

2  deputies and supervisors, defendant County is responsible to

3  reasonably select and hire, and to reasonably well-educate,

4  instruct and train, and direct, supervise, control and discipline

5  the conduct of its deputies and supervisors, including the

6  individual defendants herein, in recurring situations such as are

7  alleged herein, in which its deputies' and supervisors'

8  violations of the civil and statutory rights of individuals,

9  including plaintiffs herein, were anticipated and could have been

10 prevented by such selection and hiring, education, training,

11 direction, supervision, control and discipline.

12      6.   Defendant City of Farmersville is named herein as a

13 public entity chartered or incorporated, and operating pursuant

14 to the laws of the State of California.   As defendant City acts

15 by and through its individual officers and supervisors, defendant

16 City is responsible to reasonably select and hire, and to

17 reasonably well-educate, instruct and train, and direct,

18 supervise, control and discipline the conduct of its officers and

19 supervisors, including the individual defendants herein, in

20 recurring situations such as are alleged herein, in which its

21 officers' and supervisors' violations of the civil and statutory

22 rights of individuals, including plaintiffs herein, were

23 anticipated and could have been prevented by such selection and

24 hiring, education, training, direction, supervision, control and

25 discipline.

26      7.   The names of defendants Does 1-20 are currently unknown

27 to plaintiff.   Each of these fictitiously named parties has acted

28 as supervisor of, agent of, and/or as co-conspirator in concert

1   with, the named defendants in all matters referred to herein and

2   is responsible in some manner for the damages suffered by

3   plaintiffs.  Plaintiffs will amend this complaint to add the

4   names of such defendants when ascertained.

5       8.   Pursuant to the California Tort Claims Act, Cal.

6   Government Code § 910 et seq., plaintiffs submitted to defendants

7   City of Visalia, County of Tulare, and City of Farmersville,

8   administrative tort claims that asserted plaintiffs' right to

9   legal redress based upon the same events as are alleged herein.

10  Inasmuch as this instant action is filed not later than six

11  months, including pertinent periods of tolling, after notice of

12  rejection of said administrative tort claims was served by said

13  defendants, and/or not later than two years, including pertinent

14  periods of tolling, after said administrative tort claim(s) were

15  deemed rejected by operation of law, plaintiffs have exhausted

16  all administrative remedies and fulfilled all such prerequisites

17  for the maintenance of this instant action as to state law based

18  counts.

19                          **FIRST COUNT:**

20  **VIOLATION OF FEDERAL CIVIL RIGHTS (WARRANTLESS PROPERTY SEARCH)**

21          **Thad Young, Sandra Young v. All Defendants**

22      9.   Plaintiffs hereby incorporate as though stated hereat

23  verbatim, the above-asserted allegations of paragraphs 1-8.

24      10.  On or about November 29, 2007, defendant Nathan Flaws

25  sought a search warrant to search property owned and occupied by

26  plaintiffs.  In his affidavit and request for warrant, defendant

27  Flaws represented under oath, inter alia., that plaintiffs'

28  property was described:

                                4

1    "...as a multiple structure property with a white

2    residence to the North of the property.  The Property

3    has the numerals 29022 on the West side of a large Shop

4    that sits on the West side of the property.  The

5    residence that sits on the North end of the property

6    has a white wood paneling exterior.  The front Door to

7    the residence faces to the North.  The exterior of the

8    residence is surrounded by a grey chain link fence.

9    The numerals "16423", appear in gold over the Front

10   door.  There is an additional unattached shop that sits

11   to the East of the white house on the same property.

12   Further this described property sits on the South East

13   corner of Dillon and Road 164 in the City of

14   Farmersville."

15   Defendant Flaws thus did not include in the foregoing description

16   in his affidavit, any reference to a separate, adjacent property

17   parcel that plaintiffs also owned and occupied.

18       11.  The other property parcel adjacent to that described by

19   defendant Flaws in his affidavit, that was also owned by

20   plaintiffs bore its own address, to wit, 29006, expressly on a

21   prominent mailbox.  This property possessed its own separate

22   county assessor's parcel number identifier; on this property sat

23   a separate and distinct meeting hall building, which was known

24   locally as the "Old Grange Hall."  Plaintiffs' "Old Grange Hall"

25   property was further distinctly, readily and unmistakably

26   delineated and differentiated as a parcel separate and distinct

27   from plaintiffs' adjacent property at 29022, by way of a wooden

28   fence standing along most of the boundary between the two

5

1    adjacent parcels, by its separate Old Grange meeting hall

2    structure, its separate parking lot, and by other physical

3    characteristics.

4         12.   Defendant Flaws further represented under oath in his

5    affidavit, that he had "run a check on the property on the

6    property located on the South East corner of Road 164 and Dillon

7    in the City of Farmersville" and that "[t]he property is owned by

8    a Thad and Sandra Young to the address of 29022 Rd 164,

9    Farmersville, California" and that he had "further checked with

10   the Farmersville Police department regarding this address."

11   Defendant Flaws further represented under oath in his affidavit

12   that "[w]ithin the past seven days your affiant has had an

13   opportunity to conduct surveillance at 29022 Rd 164,

14   Farmersville, California."  On these bases plaintiffs believe and

15   allege that defendant Flaws had actual knowledge that the Old

16   Grange 29006 property was, in fact, a property parcel that was

17   entirely separate, distinct and different from the 29022

18   property.

19        13.   Defendant Flaws requested in his affidavit that "a

20   search warrant be issued by the court enabling your affiant and

21   other peace officers to make a search of the residence described

22   on page on[e] [sic] of this affidavit, located at 1) 29022 Rd

23   614, Farmersville, California" [and other, irrelevant addresses].

24        14.   On November 29, 2007, the Honorable Patrick O'Hara of

25   the Tulare County Superior Court granted defendant Flaws' search

26   warrant, as it incorporated defendant Flaws prayer to search the

27   29022 property described by defendant Flaws and as it made no

28   reference to plaintiffs' 29006 Old Grange property.

1    15.   The November 29, 2007 search warrant did not include

2 any reference to plaintiffs' adjacent "Old Grange Hall" property

3 located at 29006 Road 164.

4    16.   On December 4, 2007, defendant detectives, officers,

5 agents, deputies, supervisors, and Farmersville Chief of Police

6 Mario Krystic each participated in entering and searching

7 plaintiffs' 29022 property named in the search warrant, and in

8 detaining plaintiff Thad Young and others.

9    17.   On December 4, 2007, defendant detectives, officers,

10 agents, deputies, supervisors and Farmersville Chief of Police

11 Mario Krystic each entered and searched plaintiffs "Old Grange

12 Hall" 29006 property despite the fact that said property was not

13 named in the search warrant.  Each said defendant did so under

14 color of state authority and as employees of their respective

15 employer public entities.

16    18.   Each said defendant so entered and searched plaintiffs

17 "Old Grange Hall" 296 property, without exigent circumstances or

18 any other legal justification, and without plaintiffs' consent

19 and against plaintiffs' will.  Said defendants did so with actual

20 knowledge or knowing to a substantial certainty that said

21 property was not part of the 29022 property parcel that contained

22 plaintiffs' residence, Diesel Repair Shop, Beauty Shop and

23 storage shed.  By so doing, each said defendant violated

24 plaintiffs' rights under the Fourth Amendment of the United

25 States Constitution, to be free from search of their property

26 without a judicially-granted search warrant based upon probable

27 cause.

28    19.   Defendants City of Visalia, County of Tulare, City of

7

1  Farmersville, and Tulare County Sheriff Bill Wittman in his
2  individual capacity are named herein for having so knowingly
3  failed to reasonably select and hire, and to reasonably well-
4  educate, instruct and train, and direct, supervise, control and
5  discipline the conduct of its officers and supervisors, including
6  the individual defendants herein, in recurring situations such as
7  are alleged herein, in which their officers' deputies, and
8  supervisors' violations of the civil and statutory rights of
9  individuals, including plaintiffs herein, were anticipated and
10 could have been prevented by such selection and hiring,
11 education, training, direction, supervision, control and
12 discipline, that City, County, City and Sheriff set in motion a
13 chain of events that made the violations alleged herein,
14 foreseeable and substantially certain to occur.  The actions and
15 inactions of City, County, City and Sheriff were thus the moving
16 force causing the violations alleged herein.

17      20.  As a direct and proximate result of said defendants'
18 aforesaid violations, plaintiffs have suffered special monetary
19 damages and general damages in an amount to be proven at time of
20 trial.

21      21.  Plaintiffs also seek punitive damages as against
22 individual (non-entity) defendants for their intentionally
23 wrongful misconduct, in an amount sufficient to punish them for
24 their misconduct and to deter similar future violations.

25      WHEREFORE, Plaintiffs pray damages as alleged herein.
26 ///
27 ///
28 ///

**SECOND COUNT:**

**VIOLATION OF FEDERAL CIVIL RIGHTS**

**(DESTRUCTION AND TAKING OF PROPERTY)**

**Thad Young and Sandra Young v. All Defendants**

22.   Plaintiffs hereby incorporate as though stated hereat verbatim, the above-asserted allegations of paragraphs 1-8 and 10-21.

23.   During their presence at and search of plaintiffs' 29022 property and their presence at and search of plaintiffs' Old Grange 29006 property, said defendants intentionally and without justification or legal cause, destroyed and/or significantly damaged considerable personal property belonging to plaintiffs, including but not limited to, sink, shower stall, shampoo station and drains (by dumping undiluted toxic beauty shop chemicals), nail charms & glass case-rack thrown over, curtain rods and drapes, 10 foot quilting frame, numerous unlocked doors and shelf doors were broken, mirrors broken, floating pool chair knifed, wiring in three vehicles torn up, one vehicle's tire knifed, stereo speakers kicked or smashed in, big screen tv screen damaged.

24.   While they were present at and searching plaintiffs' 29022 and 29004 properties, said defendants stole (took without inventory or receipt) four hand-tied quilts, all of which were a family heirloom, and stole (took without inventory or receipt) $2,500 in US Currency.  Defendants did so under color of state authority.

25.   While they were present at and searching plaintiffs' 2904 property, without a warrant or exigent circumstance or other

legal justification, defendants illegally and unconstitutionally seized and thereafter attempted to forfeit, $2,000 US Currency. Defendants did so under color of state authority.

26.  As a direct and proximate result of defendants' said illegal and unconstitutional seizure, plaintiffs were forced to hire counsel and incur attorney's fees and costs litigating the return of this illegally, unconstitutionally seized US Currency.

27.  As a direct and proximate result of said defendants' aforesaid violations, plaintiffs have suffered special monetary damages and general damages in an amount to be proven at time of trial.

28.  Plaintiffs also seek punitive damages as against individual (non-entity) defendants for their intentionally wrongful misconduct, in an amount sufficient to punish them for their misconduct and to deter similar future violations.

WHEREFORE, Plaintiffs pray damages and the return of the irreplaceable family heirloom quilts, as set forth herein.

### THIRD COUNT:

**VIOLATION OF FEDERAL CIVIL RIGHTS (UNREASONABLE DETENTION)**

**Thad Young v. All Defendants**

29.  Plaintiff hereby incorporates as though stated hereat verbatim, the above-asserted allegations of paragraphs 1-8, 10-21, and 23-28.

30.  Defendants made their first contact with plaintiff Thad Young near the office of his Diesel Shop where two of plaintiffs' pet dogs were lounging.  With their guns drawn and trained directly upon him, defendants ordered plaintiff "move and I'll blow your head off," but failed to identify themselves to

plaintiff as police or law enforcement of any other kind. Defendants' excited demeanor, failure to identify themselves as law enforcement, and oral threat, caused plaintiff to be gravely concerned and anxious in a belief that defendants would in fact shoot and kill him.

31. After some time plaintiff realized defendants were law enforcement of some kind, and advised defendants that the dogs would be all right if left alone. As defendants began to march plaintiff, handcuffed, out of his Shop, one or more officers pulled out their pepper spray and pointed it toward the dogs. Despite plaintiff's plea that they not pepper spray the dogs, defendants intentionally sprayed both dogs with pepper spray anyway. Plaintiff is informed and believes that defendants did so deliberately, without reason other than malicious cruelty.

32. Defendants marched plaintiff to the residence on the 29022 property and set him in a room with other persons being detained.

33. Plaintiff advised defendants that he had diabetes that required that he take prescribed medication, a heart condition requiring prescribed nitroglycerin heart medication, and a back condition that also required that he take prescribed pain medication.

34. Said defendants kept plaintiff seated on a uncomfortable chair, restrained in handcuffs without cause or justification, refused to allow him access to his prescribed medications, refused to allow him access to fluids, and refused to allow him access to a bathroom, for nearly five total hours, despite his repeated requests and the repeated requests of other

11

1   persons being detained.

2       35.   After being left without his medication, fluids, and

3   access to a restroom for some time, defendants approached

4   plaintiff with a form to sign.  Plaintiff asked for his

5   eyeglasses to read the form, which he could not read in such a

6   dark room without the glasses.  Defendants refused.  Defendants

7   told plaintiff that if he did not sign the form, they would take

8   him to the police station.  Defendants expressly told plaintiff

9   that they were "just there for the money" but that they were

10  going to put plaintiff's son away for 37 years because of a gun

11  that belonged to plaintiff.  In the face of defendants' veiled

12  threat to arrest plaintiff and the threat to his son, plaintiff

13  signed the form without reading it.  Only later did plaintiff

14  come to understand that the form defendants compelled him to sign

15  was in fact, a Disclaimer of Ownership of Property, upon which

16  defendants had written false information that plaintiff

17  disclaimed ownership of the $2,000 US Currency that defendants

18  seized and attempted to forfeit to their employer, defendant

19  public entities.

20      36.   Defendants had used a heavy door battering ram to make

21  their entry into some of the buildings.  Defendants left it in an

22  area where two of plaintiffs' pet dogs were located.  Not long

23  before defendants left, one ordered to plaintiff, that if

24  plaintiff did not retrieve ("go out and get") the ram for

25  officers, that officers would kill ("take care of") plaintiffs'

26  pet dogs and then go get the battering ram themselves.

27      37.   Plaintiff complied with defendants orders and went and

28  retrieved defendants' door battering ram and carried it to

1  defendants.  In so doing, plaintiff, who had advised defendants

2  that he had a medical back condition that required prescription

3  medication, injured his back.  As a direct result thereof,

4  plaintiff has and will in the future incur significant medical,

5  hospital, and related and similar special damages, and has and

6  will suffer general damages.

7      38.   By so doing, defendants violated plaintiff Thad

8  Young's rights under the Fourth Amendment of the United States

9  Constitution, not to be subjected to unreasonable detention.

10     39.   As a direct and proximate result of said defendants

11 said misconduct, plaintiff has suffered and continues to suffer

12 special damages, including hospital and other medical expenses,

13 and general damages, in an amount according to proof at time of

14 trial.

15     40.   Plaintiff also seeks punitive damages as against

16 individual (non-entity) defendants for their intentionally

17 wrongful misconduct, in an amount sufficient to punish them for

18 their misconduct and to deter similar future violations.

19     WHEREFORE, Plaintiff prays damages as alleged herein.

20              **FOURTH COUNT:**

21      **COMMON LAW TORTS AND VIOLATION OF STATUTES**

22      **Thad Young and Sandra Young v. All Defendants**

23     41.   Plaintiffs hereby incorporate as though stated hereat

24 verbatim, the above-asserted allegations of paragraphs 1-8, 10-

25 21, 23-28, and 30-40.

26     42.   By committing the aforesaid misconduct, defendants have

27 violated, among other statutes, <u>Penal Code</u> § 149 (assault without

28 lawful necessity); PC 146 (seizure of property without lawful

authority); PC § 487a (grand theft $400+); PC § 496 (receiving stolen property);  PC § 594(b)(1) (vandalism $400+); PC § 596 (wilful administration of poison to an animal); PC § 597 (malicious, intentional wounding of living animal); PC § 182 (conspiracy); PC § 661 (neglect or violation of official duty by public officers); PC § 118.1 (Peace officer files report, material statement therein known to be false); PC § 146(b) (public officer... who, under the pretense or color of any process or other legal authority, does any of the following, without a regular process...: Seizes ...any property); PC § 147 (officer's willful inhumanity or oppression toward any prisoner under his care or in his custody).

43.   A civil cause of action should be implied in plaintiffs' favor based upon defendants' intentional deliberate violations of the foregoing statutes, which were created and intended to protect persons, such as plaintiffs, from such misconduct.

44.   The foregoing misconduct also constitutes the common law torts of Assault, Intentional Infliction of Emotional Distress, and Conversion.

45.   For the Conversion plaintiffs seek the value of the property at the time of conversion, with interest, or, an amount sufficient to indemnify the party injured for the loss which is the natural, reasonable and proximate result of the wrongful act complained of, and second, a fair compensation for the time and money properly expended in pursuit of the property, as provided by Civil Code § 3336.

46.   Plaintiffs also seek exemplary damages, including for

1   the intentional conversion of their property, for intentional

2   infliction of emotional distress upon plaintiff Thad Young, and

3   for defendants' wrongful injuries to plaintiffs' pet animals,

4   committed willfully or by gross negligence, in disregard of

5   humanity, under <u>Civil Code</u> § 3340.

6         WHEREFORE, Plaintiffs pray damages as alleged herein.

7                              **<u>PRAYER</u>**

8         WHEREFORE, plaintiffs pray for the following relief:

9         1.  special damages in an amount according to proof at time

10  of trial;

11        2.  return of four family heirloom quilts;

12        3.  general damages in an amount according to proof at time

13  of trial;

14        4.  exemplary damages as against defendant individuals (each

15  defendant except public entities), in an amount sufficient to

16  punish them for their despicable conduct and to deter future

17  similar conduct;

18        5.  costs of suit herein including reasonable attorney's

19  fees pursuant to 42 *U.S.C.* § 1988; and

20        6.  For such other and further relief as to the Court may

21  appear fair and just.

22        Respectfully submitted,

23  Dated: <u>Jan. 16</u>, 2009          /s/ James C. Holland
                                         James C. Holland, Attorney for
24                                       plaintiffs Thad Young and
                                         Sandy Young
25

26  ///

27  ///

28  ///

1  **DEMAND FOR JURY TRIAL**

2       Plaintiffs hereby demand a trial by jury.

3  Dated: <u>Jan. 16</u>, 2009          <u>/s/ James C. Holland</u>
                                    James C. Holland, Attorney for
4                                   plaintiffs Thad Young and
                                    Sandy Young
5

6  ///

7  ///

8  ///

9  ///

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28