IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAD YOUNG and SANDRA YOUNG,<br><br>                Plaintiffs,<br>    v.<br><br>CITY OF VISALIA, et al.,<br><br>                Defendants. | 1:09-CV-115 AWI SKO<br><br>ORDER VACATING FEBRUARY 13, 2012 HEARING DATE AND ORDER ON FARMERSVILLE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. No. 90) |

      As part of the Scheduling Order in this case, trial in this matter was set for November 2011, and the deadline for filing dispositive motions was set for July 2011.  See Doc. No. 76.

      Section V of the scheduling order discussed some requirements regarding motions for summary judgment.  See id.  Specifically, the scheduling order directed the parties to meet and confer prior to filing a motion for summary judgment.  See id.  Six purposes for this meet and confer requirement were identified, including the purpose of arriving at a joint statement of undisputed facts.  See id.  The scheduling order stated that, in addition to the requirements of Local Rule 260, the moving party was to file a joint statement of undisputed facts.  See id.  The scheduling order also directed, "In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above," or "set forth a statement of good cause for the failure to meet and confer."  Id.

      In July 2011, Magistrate Judge Oberto vacated all dates and set requirements for status reports because Defendant Flaws had filed for bankruptcy.[1]  See Doc. Nos. 87-89.

      On December 30, 2011, the Farmersville Defendants filed a motion for summary judgment.  See Doc. No. 90.  This motion is based almost entirely on the declaration of their expert witness.  See Doc. No. 90-1.  Significantly, in the notice of motion, the Farmersville Defendants did not certify that they had met and conferred with Plaintiffs, nor did the Farmersville Defendants submit a statement that demonstrated good cause for not conferring.

---

[1] Currently there are no set dates or deadlines for either dispositive motions or trial.

Further, no joint statement of undisputed facts was submitted.

On January 30, 2012, Plaintiffs submitted an opposition. See Doc. Nos. 93-95. In part, the opposition objects that the facts presented by Defendants are based on the declaration of their expert witness, but the expert witness lacks sufficient personal knowledge to establish the facts. See id.

On February 7, 2012, the Farmersville Defendants filed a reply. See Doc. No. 96. The reply consists of a half page of substantive text, and simply requests a thirty day continuance so that the motion can be supplemented to address Plaintiffs' objections. See id.

In light of the above, the Court does not believe that a hearing on the Farmersville Defendants' motion for summary judgment is appropriate. This is because the motion violates a court order. The motion was unaccompanied by a joint statement of material facts, and did not include either a certification regarding a meet and confer or a statement of good cause excusing a meet and confer. Further, Plaintiffs' objections do not appear baseless, and the Farmersville Defendants' reply indicates that there are shortcomings to their motion.

Under the circumstances, the Court will not grant a continuance. Instead, because the motion violates a court order (Doc. No. 76) and is not properly developed, the Court will simply deny the motion. The denial, however, will be without prejudice to re-filing a motion for summary judgment at a later time, but any such motion must comply with the meet and confer requirements described in Document 76.

Accordingly, IT IS HEREBY ORDERED that:

1. The February 13, 2012, hearing on the Farmersville Defendants' motion for summary judgment is VACATED; and
2. The Farmersville Defendants' motion for summary judgment is DENIED without prejudice as described above.

IT IS SO ORDERED.

Dated: February 8, 2012

CHIEF UNITED STATES DISTRICT JUDGE