IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAD YOUNG and SANDRA YOUNG, )<br>              )<br>     **Plaintiffs**,   )<br>  v.            )<br>              )<br>CITY OF VISALIA, et al.,    )<br>              )<br>              )<br>     **Defendants**.   )<br>_____) | 1:09-CV-115  AWI SKO<br><br>ORDER VACATING JULY 30,<br>2012 HEARING AND ORDER<br>FOR ADDITIONAL BRIEFING |

  Currently pending before this Court is the "Farmersville Defendants'" motion for summary judgment.  Hearing on this matter is set for July 30, 2012.[1]  Having reviewed the submissions of the parties, the Court wishes to receive additional evidence and/or clarification on several points prior to any hearing.

  First, the declaration of defense expert D'Arcy, see Doc. 114-4 at ¶ 12, and Plaintiffs' opposition, see Doc. 119 at 3:5-7, indicate that Thad Young had wet himself by the time that Officer Everett was asked to "stand by" Young.  No evidence is cited for this proposition.  The parties will be required to expressly state their positions on, and cite to and provide evidence regarding, the issues of whether Thad Young had already wet himself by the time that Everett "stood by" him for 45 minutes to 1 hour and whether Everett was aware that Young had wet himself.

  Second, the declaration of defense expert D'Arcy indicates that Sgt. Marquez assigned Everett the task of assisting the Visalia Police Department.  See Doc. No. 114-4 at ¶ 6.

---

[1] Trial in this matter is set for April 9, 2013, and the pre-trial conference is set for February 6, 2013.

Plaintiffs' opposition indicates that Defendants are contending that Marquez called Everett in order to detain Thad Young.  See Doc. No. 119 at ¶ 16-19.  No evidence is cited regarding what Marquez's orders to Everett were.  The parties will be required to expressly state their positions on, and cite to and provide evidence regarding, what orders Marquez gave to Everett with respect to detaining Thad Young and also assisting Visalia police officers.

Third, defense expert D'Arcy indicates that it is "standard operating procedure" to not allow an individual to take prescribed medication unless there is a medical emergency or there is medical supervision.  The term "standard operating procedure" is ambiguous.  Defendants will be required to clarify whether "standard operating procedure" refers to the policies and practices of the City of Farmersville Police Department or whether "standard operating procedure" refers to the practices that are endorsed by POST.  If the latter, Defendants should identify the relevant POST standard.

Finally, in a previous sworn declaration filed with the Court, Officer Everett stated: "I did not participate in any *detention*, questioning, or arrest of any parties at the property."  Doc. No. 42 at ¶ 6 (emphasis added).  In his deposition, Everett testified in part that he was requested to "stand by with Mr. Young while they [other officers] went to another location."  Everett Depo. at 22:23-26.  Further, when asked "What was the reason why Mr. Young continued to be *detained* after the conclusion of the search?", Everett responded, "That way they can go to the other location without Mr. Young informing them."  Id. at 31:22-26.  Further, even though the term "stand by" is used instead of "detention" at various times in the motion, defense expert D'Arcy stated that Everett acted reasonably during the "detention" of Young and Defendants have submitted as undisputed facts that Everett refused to permit Young to take medication or use the restroom.  There appears to be an inconsistency with respect to Everett's participation in Young's detention.  In their opposition, Plaintiffs have highlighted the apparent inconsistency between Everett's prior declaration (Doc. No. 42) and his deposition testimony and the evidence relied upon by Everett in this motion.  Defendants' reply essentially states that they concede that a detention occurred, so Everett's earlier representation about the detention is immaterial. See Doc. No. 121 at 10:11-14.  The Court is concerned about the inconsistency between

Everett's prior declaration and his deposition, even if there is now a concession that Young was detained by Everett. The declaration was submitted by Everett and defense counsel to this Court, was under penalty of perjury, and stated that Everett did not participate in any detention. However, the declaration was also irregular. The declaration's caption indicates that it is the declaration of "Troy Everett," and is signed on the second page "Troy Everett," but the declaration actually begins, "I, Mike Marquez." Doc. No. 42. The Court noted this irregularity in ruling on a motion to dismiss. See Doc. No. 54 at p.12 n.1. The Court believes that further explanation from Everett and defense counsel regarding Document No. 42 is appropriate.

Accordingly, IT IS HEREBY ORDERED that:

1. The July 30, 2012, hearing on Defendants' motion for summary judgment is VACATED;
2. The parties shall submit additional evidence and briefing, consistent with the discussion above, on or by August 6, 2012;
3. The parties shall file responding briefs to the August 6 submissions on or by August 13, 2012; and
4. After reviewing the additional briefing, if the Court determines that a hearing is necessary, it will set a hearing date at that time.

IT IS SO ORDERED.

Dated:   July 24, 2012

                                        CHIEF UNITED STATES DISTRICT JUDGE