FILED

MAR 26 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAD YOUNG and SANDRA YOUNG,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VISALIA, et al.,<br><br>Defendants. | 1:09-CV-115 AWI SKO<br><br>ORDER DISMISSING THE "VISALIA OFFICERS" PURSUANT TO RULE 41(a)(1) and ORDER TO FILE A DISMISSAL OR A REQUEST FOR ADDITIONAL TIME |

On January 23, 2013, this case settled and the parties were ordered to submit dismissal papers within 21 days. See Doc. No. 138. On March 7, 2013, a stipulation for dismissal of all claims against the "Visalia Officers" was filed. The stipulation is signed by all remaining parties who have appeared in the case.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th

Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(i) dismissals).

As the parties have filed a stipulation for dismissal of the claims against the "Visalia Officers" under Rule 41(a)(1) that is signed by all parties who have made an appearance, the "Visalia Officers" were terminated from this case on March 7, 2013. See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

However, the Court notes that no dismissal as to the Farmersville Defendants or the City of Visalia have been filed. The deadline for filing that dismissal has long passed, yet this case inexplicably remains open on this Court's congested docket. Plaintiffs, the City of Farmersville, and the City of Visalia are to file a dismissal no later than 1:00 p.m. on March 29, 2013, or alternatively, file a motion for an extension of time that details precisely why more time is needed to file a dismissal. Failure to comply this portion of the order may result in sanctions, including the closure of this case without further notice.

Therefore, IT IS HEREBY ORDERED that:

1. Pursuant to the Rule 41(a)(1) dismissal the "Vislia Officers," i.e. Nathan Flaws, Jeff Gilbert, Sonia Payne, Jeremy Ediger, Russ Skadan, Brent Abbott, Luma Fahoum, Chris McClain, Dwight Brumley, Dominic Mena, Jared Whaley, Greg Byerlee, Mark Lyon, and Jason Salazar, are DISMISSED from this case; and

2. Plaintiffs and the remaining Defendants are to file dismissal papers no later than 1:00 p.m. on March 29, 2013, or alternatively, by this deadline, the parties may file a motion for an extension of time that details precisely why more time is needed to close this settled case; and

3. The parties are warned that the failure to follow this order may result in the imposition of sanctions without further notice, including the possible dismissal and closure of this case.

IT IS SO ORDERED.

Dated: March 25, 2013

SENIOR DISTRICT JUDGE