IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAD YOUNG and SANDRA YOUNG,<br><br>         Plaintiffs,<br><br>   v.<br><br>CITY OF VISALIA, et al.,<br><br>         Defendants. | 1:09-CV–115  AWI SKO<br><br>ORDER DISMISSING THE "FARMERSVILLE OFFICERS" PURSUANT TO RULE 41(a)(1) |

On January 23, 2013, this case settled and the parties were ordered to submit dismissal papers within 21 days. See Doc. No. 138. On March 25, 2013, a stipulation for dismissal of all claims against the "Farmersville Officers" was filed. The stipulation is signed by all remaining parties who have appeared in the case.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made

in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(A); <u>Eitel</u>, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." <u>In re Wolf</u>, 842 F.2d 464, 466 (D.C. Cir. 1989); <u>Gardiner v. A.H. Robins Co.</u>, 747 F.2d 1180, 1189 (8th Cir. 1984); <u>see also</u> <u>Gambale v. Deutsche Bank AG</u>, 377 F.3d 133, 139 (2d Cir. 2004); <u>Commercial Space Mgmt. Co. v. Boeing Co.</u>, 193 F.3d 1074, 1077 (9th Cir. 1999) <u>cf</u>. <u>Wilson v. City of San Jose</u>, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(i) dismissals).

As the parties have filed a stipulation for dismissal of the claims against the "Farmersville Officers" under Rule 41(a)(1) that is signed by all parties who have made an appearance, the "Farmersville Officers" were terminated from this case on March 25, 2013. <u>See</u> Fed. R. Civ. Pro. 41(a)(1)(A)(ii); <u>In re Wolf</u>, 842 F.2d at 466; <u>Gardiner</u>, 747 F.2d at 1189; <u>see also</u> <u>Gambale</u>, 377 F.3d at 139; <u>Commercial Space Mgmt</u>, 193 F.3d at 1077; <u>cf</u>. <u>Wilson</u>, 111 F.3d at 692.

In a previous order, the Court ordered the parties to submit dismissal papers by March 29, 2013 (or a motion for additional time) with respect to the City of Visalia and the City of Farmersville. <u>See</u> Doc. No. 145. With the filing of the March 25 stipulation, all of the individual defendants have now been dismissed, but the two municipal defendants remain. The March 29 deadline with respect to the municipal defendants remains and is unaffected by the March 25 stipulated dismissal of the "Farmersville Officers."

Therefore, IT IS HEREBY ORDERED that:

1. Pursuant to the Rule 41(a)(1) dismissal, the "Farmersville Officers," i.e. Mike Marquez and Troy Everett, are DISMISSED from this case; and

2. The Court's previously order March 29, 2013 deadline with respect to all remaining defendants remains fully in place.

IT IS SO ORDERED.

Dated:   March 26, 2013                              _____
                                                     SENIOR DISTRICT JUDGE