IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THAD YOUNG and SANDRA YOUNG, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF VISALIA, et al., ) <br> ) <br> Defendants. ) <br> _____) | 1:09-CV–115 AWI SKO <br><br> ORDER DISMISSING THE <br> CITY OF FARMERSVILLE <br> AND ORDER CLOSING CASE |

On January 23, 2013, this case settled and the parties were ordered to submit dismissal papers within 21 days. See Doc. No. 138. On March 26, 2013, the Court ordered the parties to file either dismissal papers or a motion for an extension of time by March 29, 2013, or else the parties would likely be sanction. See Doc. No. 145. Following the piecemeal dismissal of the other defendants, on March 28, 2013, the parties filed a stipulation for dismissal of the last remaining defendant, the City of Farmersville. The stipulation is signed by all remaining parties who have appeared in the case.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1)(A)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared,

although an oral stipulation in open court will also suffice.  See Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986).  Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(A); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule 41(a) (1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing Rule 41(a)(1)(i) dismissals).

As the parties have filed a stipulation for dismissal of the claims against the last remaining defendant, the City of Farmersville, under Rule 41(a)(1) that is signed by the parties, the City of Farmersville and this entire case was terminated from on March 28, 2013.  See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that:

1. Pursuant to the Rule 41(a)(1) dismissal, the City of Farmersville, who is the last remaining defendant, DISMISSED; and
2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated:   March 28, 2013                              _____
                                                     SENIOR  DISTRICT  JUDGE